UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-60631-CIV-DIMITROULEAS/HUNT

YOCASTA MOMPIE,

        Plaintiff,

vs.

FRANK BISIGNANO,[1]
Commissioner of Social Security,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the parties' cross-Motions for Summary Judgment. ECF Nos. 12; 14. This matter is referred to United States Magistrate Judge Patrick M. Hunt for a report and recommendation. ECF No. 6. Upon thorough review of the Motions and the Responses thereto, the entire case file, the applicable law, and being otherwise fully advised in the premises, it is hereby recommended that Plaintiff's Motion for Summary Judgment, ECF No. 12, be GRANTED, and that Defendant's cross-Motion for Summary Judgment, ECF No. 14, be DENIED, for the reasons outlined below.

## BACKGROUND

Yocasta Mompie ("Plaintiff") applied for Social Security Disability Insurance Benefits on July 2, 2020, alleging disability as of February 17, 2019. ECF No. 9 at 181. The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration. *Id.* at 100, 118. Plaintiff appealed and was heard before an

---

[1] Frank Bisignano is the current Commissioner of the Social Security Administration and is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

Administrative Law Judge ("ALJ") on December 8, 2021.  *Id.* at 54–88.  The ALJ rendered an unfavorable decision on March 7, 2022.  *Id.* at 34.  Plaintiff appealed to this Court. ECF No. 9-1 at 113–15.  The case was then remanded back to the ALJ on June 21, 2024. *Id.* at 102.  On remand, the second hearing took place on December 5, 2024, and on January 3, 2025, the ALJ again issued an unfavorable decision.  *Id.* at 1, 35.  The ALJ's 2025 decision became the final decision of the Commissioner and this civil action followed.  Plaintiff now seeks judicial review of the ALJ's decision and filed a Motion for Summary Judgment seeking reversal or remand of this case.  ECF No. 12 at 1.  The Commissioner of Social Security ("Defendant") filed a response and an opposing Motion for Summary Judgment.  ECF No. 14 at 1.  The matter is now ripe for review.

## SOCIAL SECURITY FRAMEWORK

Social Security Regulations require that the ALJ follow a five-step process when evaluating whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found that Plaintiff did engage in substantial gainful activity from February 2019 to February 2020.  ECF No. 9-1 at 6.  However, Plaintiff had a continuous twelve-month period without substantial gainful activity and showed no earnings after 2020.  *Id.* at 7.  At step two, the ALJ found that Plaintiff has the following

severe impairments: diabetes mellitus, hypertension, obesity, anxiety, depression, diabetic retinopathy and macular edema, and neuropathy. *Id.* At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404. *Id.* at 10.

After consideration of the entire record, at step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) except:

> the claimant can stand/walk for 6 hours in an 8-hour day, sit for 6 hours in an 8-hour day, frequently balance on level surfaces, and frequently stoop, kneel, crouch, and crawl. She can tolerate occasional exposure to extreme cold, heat, wetness, and humidity. The claimant has sufficient vision to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, and approaching people or vehicles. She can tolerate moderate noise levels, such as that found in an indoor office or retail setting and occasional exposure to hazards, such as unprotected heights. The claimant can concentrate and persist to complete simple tasks.

*Id.* at 13. The ALJ determined that Plaintiff is unable to perform any past relevant work. *Id.* at 25. At step five, the ALJ found Plaintiff was an individual closely approaching advanced age on the alleged disability onset date and had at least a high school education. *Id.* Additionally, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* A vocational expert specified that Plaintiff would be able to perform the requirements of representative occupations such as Day Worker, Bagger, and Store Laborer. *Id.* at 26. After considering these factors and the Plaintiff's RFC, the ALJ found that Plaintiff was not disabled. *Id.*

## STANDARD OF REVIEW

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also* 42 U.S.C. § 405(g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)).  Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews *de novo*.  *See Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)).  However, this Court reviews the ALJ's ultimate findings only to ensure that they are supported by substantial evidence.  *See Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1266–67 (11th Cir. 2015).

In determining whether substantial evidence exists, courts must scrutinize the record in its entirety, taking into account evidence favorable as well as unfavorable to the ALJ's decision.  *See Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, a court may not reweigh evidence or substitute its judgment for that of the ALJ.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  Even if the evidence preponderates against the ALJ's decision, a reviewing court must affirm if the decision is supported by substantial evidence.  *Id.* (citing *Phillips*, 357 F.3d at 1240 n.8).  This, however, does not mean that a court always must affirm because "some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).  If the ALJ fails to

state with sufficient clarity the grounds for his or her factual findings, a court may remand "for further findings at the administrative hearing level."  *Id.*  Finally, because a hearing before an ALJ is not an adversarial proceeding, the ALJ has a duty to develop a full and fair record, and evidentiary gaps which result in unfairness or clear prejudice are grounds for remand.  *See Graham v. Apfel*, 129 F.3d 1420, 1422–23 (11th Cir. 1997).

## **DISCUSSION**

In support of her Motion for Summary Judgment, Plaintiff argues that the ALJ committed reversible error because the ALJ's assessment of various medical opinions is unsupported by substantial evidence.  Specifically, Plaintiff argues that the ALJ erred in finding the opinion of Dr. Brian McIntyre, a State Agency psychological consultant, only partially persuasive, and in finding the opinions of Drs. Angela Brinson and Yaneisy Guerra, consultative examining psychologists, not strongly persuasive.

The SSA adopted new regulations that apply to claims filed on or after March 27, 2017.  *See* 20 C.F.R. § 404.1520c.  Under these regulations, an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: "(1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors."  *Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022) (citing 20 C.F.R. § 404.1520c(c)(1)–(5)).  The regulations state that the factors of supportability and consistency "are the most important factors" considered by the ALJs, and therefore, the ALJs "will explain how [they] considered the supportability and consistency factors . . . in [the claimant's] determination or decision."  20 C.F.R. § 404.1520c(b)(2).  Those factors are:

> (1) Supportability.  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his

or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.   The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)–(2).

The undersigned addresses each of Plaintiff's arguments separately below.

### A.  The ALJ's Consideration of Dr. McIntyre's Opinion

Following medical evaluation from April 10, 2024, Dr. McIntyre opined that Plaintiff's anxiety and depression were "severe with moderate limitations in interacting with others and concentration, persistence, and maintaining pace."  ECF No. 9-1 at 23. Further, he opined that Plaintiff may have "limitations with understanding and remembering detailed instructions, may have difficulty carrying out detailed instructions and . . . may struggle to accept instructions and respond appropriately to criticism from supervisors."  *Id.* (citing ECF No. 9-1 at 120–31).  Although the ALJ found that Dr. McIntyre's opinions about Plaintiff's "concentration, persistence, and maintaining pace" were persuasive and "well supported by the consultant's review of the record," the ALJ found that his opinion that "the claimant has moderate impairments in interacting with others and may have difficulty interacting appropriately with supervisors" was not persuasive.  *Id.* at 24.  As a whole, the ALJ concluded that Dr. McIntyre's opinion was "partially persuasive."  *Id.* at 23.

Plaintiff argues that the ALJ "failed to provide sufficient rationale supported by substantial evidence to support her finding rejecting Dr. McIntyre's opinion in part."  ECF No. 12 at 8.  Plaintiff first claims that the ALJ's decision included no further explanation

6

as to why Dr. McIntyre's findings relating only to the supervisory limitations were unsupported. *Id.* Plaintiff then argues that this is not harmless error because the ALJ "must consider the supportability and consistency of the medical opinions of record and failure to do so is legal error." *Id.* at 9 (quoting *Farmer v. Comm'r of Soc. Sec.*, No. 6:23-cv-248-DCI, 2023 WL 9022722, at *4 (M.D. Fla. Dec. 29, 2023) (citation omitted)). Plaintiff also argues that the ALJ erred in partially rejecting Dr. McIntyre's opinion on the basis that it is "inconsistent with other substantial evidence." *Id.* Plaintiff claims that the ALJ's assessment of Plaintiff's ability to interact with others is not based on the professional opinion of Dr. McIntyre, but rather, her cooperation with her treatment providers. *Id.* Plaintiff argues that it was error to reject Dr. McIntyre's opinion because the "focus of the evaluation in the social interaction domain is the individual's interaction in a work setting—not with medical providers or at a disability hearing." *Id.* at 10.

In his Motion for Summary Judgment, Defendant argues that the ALJ's opinion was supported by substantial evidence because she was "typically pleasant and cooperative with good eye contact at her appointments with multiple providers." ECF No. 14 at 7. Defendant maintains that the ALJ adequately considered the factors of supportability and consistency. *Id.* Defendant highlights that simply because the ALJ found Dr. McIntyre's opinion somewhat persuasive does not "mean that she was obliged to adopt it or include specific portions of it into the RFC finding." *Id.* at 8.

A claimant's RFC is the most that the claimant can still perform despite her limitations. *See* 20 C.F.R. § 416.945(a)(1). It is the responsibility of the ALJ to assess the RFC of the claimant at the administrative hearing level. *See* 20 C.F.R. § 416.946(c). The ALJ must consider all medical source opinions and must explain conflicts between

7

the assessment and an opinion from a medical source.  *See* Social Security Ruling ("SSR") 96-8p.  However, the ALJ is not required to adopt the opinions of medical sources as to a claimant's RFC.  *See Moore v. Soc. Sec. Admin., Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016).

The ALJ's partial rejection of Dr. McIntyre's opinion—with respect to Plaintiff having difficulty interacting appropriately with supervisors—is not supported by substantial evidence.  Defendant argues that Dr. McIntyre's findings are inconsistent with the record, yet the ALJ's reasoning for rejecting this portion of Dr. McIntyre's professional opinion relies solely on evidence from the record that "claimant was typically pleasant and cooperative with good eye contact at her appointments with multiple providers."  ECF No. 9-1 at 24.  Further, Defendant did not offer any further explanation for why the ALJ rejected this portion of Dr. McIntyre's opinion; instead, he merely restated that "Plaintiff was typically pleasant and cooperative . . . at her appointments."  ECF No. 14 at 7.  The ALJ failed to consider any other evidence from the record in determining that Dr. McIntyre's opinion was inconsistent, despite acknowledging that Plaintiff "reported she was irritable and had problems getting along with others."  ECF No. 9-1 at 24.

In *Simon v. Comm'r, Soc. Sec. Admin.*, the Eleventh Circuit emphasized that being cooperative during examination is not a "genuine" inconsistency that is worthy of rejecting a medical opinion.[2]  7 F.4th 1094, 1107 (11th Cir. 2021).  The court stated that "when

---

[2] *Simon* was decided under the treating physician rule, which does not apply to claims filed on or after March 27, 2017.  *See Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 897 (11th Cir. 2022).  But this Court, like others, "finds *Simon* is still instructive in emphasizing the distinction between a medical setting and a workplace environment." *Pena v. Bisignano*, No. 8:25-CV-00174-MSS-TGW, 2026 WL 966491, at *2 n.2 (M.D. Fla. Mar. 25, 2026).

evaluating a claimant's medical records, an ALJ must take into account the fundamental differences between the relaxed, controlled setting of a medical clinic and the more stressful environment of a workplace." *Id.* For someone who "suffers from an affective or personality disorder marked by anxiety, the work environment is completely different from home or a mental health clinic." *Id.* (citing *Morales v. Apfel,* 225 F.3d 310, 319 (3d Cir. 2000)). Instead, when considering a claimant's ability to interact with others, the ALJ is required to look at:

> the abilities to relate to and work with supervisors, co-workers, and the public. Examples include: cooperating with others; asking for help when needed; handling conflicts with others; stating own point of view; initiating or sustaining conversation; understanding and responding to social cues (physical, verbal, emotional); responding to requests, suggestions, criticism, correction, and challenges; and keeping social interactions free of excessive irritability, sensitivity, argumentativeness, or suspiciousness.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(2).

In this instance, the ALJ did not discuss any of the listed situational considerations and merely based her opinion on Plaintiff's ability to cooperate at appointments with her providers. ECF No. 9-1 at 24. The ALJ failed to consider Plaintiff's consistent issues with her husband, irritability, sad affect, and reclusion from many social interactions; these issues were present throughout Plaintiff's mental health evaluations over the years, as supported by her own testimony on her personal experience.[3] Therefore, the ALJ's

---

[3] The undersigned acknowledges that the ALJ, in the section of her decision analyzing the paragraph B criteria, noted previous reports from Plaintiff that "she got along with her family and the general public," "attended church prior to Covid 19," and "talks to her mother, sister, and daughter via video chat." ECF No. 9-1 at 12. Critically, however, the ALJ also stated that "[t]he limitations identified in the 'paragraph B' criteria are not a [RFC] assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." *Id.* Thus, it appears that the ALJ did not find those observations to be applicable to her step four RFC analysis, nor did she incorporate those findings into her treatment of Dr. McIntyre's opinion.

decision that Dr. McIntyre's opinion was inconsistent with the record is unsupported by substantial evidence.

The ALJ's decision regarding the supportability of this portion of Dr. McIntyre's opinion is also insufficient.  ECF No. 9-1 at 24.  The ALJ merely stated that the Plaintiff having "moderate impairments in interacting with others and . . . with supervisors" is "not well supported by the consultant's review of the record." *Id.*  The ALJ does not cite any explicit substantial evidence to support this portion of her decision.  Conclusory statements and discussion of the "overall medical record," without specifics, are "insufficient to show that substantial evidence supports the ALJ's decision." *Mercado v. Comm'r of Soc. Sec.*, No: 6:22-cv-287-DCI, 2023 WL 145154, at *5 (M.D. Fla. Jan. 10, 2023) (citing *Battie v. Kijakazi*, No. 20-24444-CIV-WILLIAMS/MCALILEY, 2022 WL 4000728, at *6 (S.D. Fla. Aug. 9, 2022)); *see also Gary-Lowe v. O'Malley*, No. 22-22379-CIV-BECERRA, 2024 WL 1178658, at *6–7 (S.D. Fla. Feb. 12, 2024) (holding that an RFC assessment is unsupported by substantial evidence when there is no clear explanation relating to the ALJ's decision with respect to supportability and consistency). The failure of the ALJ to comply with the substantial evidence standard when addressing the elements of supportability and consistency in Dr. McIntyre's opinion constitutes error and is grounds for remand.

**B. The ALJ's Consideration of Drs. Brinson's and Guerra's Opinion**

The undersigned now considers the ALJ's findings regarding the assessment of Plaintiff's RFC limitations by consultative examiners Drs. Brinson and Guerra.  ECF No. 9-1 at 24.  Drs. Brinson and Guerra issued both of their opinions in the same report.  The psychologists opined that Plaintiff's mental health issues are likely to interfere with "the

10

most demanding activities of daily living" that will "require assistance and support in a variety of daily activities." *Id.* Specifically, they state that Plaintiff's memory issues will present difficulties in remembering "important tasks and appointments," and impaired attention and concentration will interfere with tasks such as "driving or engaging in complex problem-solving activities." *Id.* The ALJ finds this opinion to be not strongly persuasive and that it "overstates the claimant's limitations." *Id.* She states that their opinion is "vague," and does not "clearly describe the most the claimant can do despite her impairments." *Id.* The ALJ additionally finds that these findings are inconsistent and not entirely supported by the consultative exam findings. *Id.*

Plaintiff argues that the "ALJ's rationale is unsupported by the evidence of record." ECF No. 12 at 12. Plaintiff contests the ALJ's use of the term "vague" in describing the psychologists' findings; she argues that it is "unclear" why the ALJ deemed the opinion "vague" because Drs. Brinson and Guerra specified the limitations with several examples of how Plaintiff would be impacted. *Id.* Plaintiff additionally argues that the ALJ's findings dismiss the "findings of abnormal behavior," and it was error to conclude that Drs. Brinson's and Guerra's opinions were inconsistent with treatment records. *Id.* at 13. Plaintiff concludes that the ALJ's "selective reliance on only the normal findings in the mental status examination and treatment records does not provide substantial evidence in support of the ALJ's rejection of the report of the Commissioner's own consultative examining psychologists." *Id.* at 14.

Defendant argues that the ALJ did adequately consider the supportability and consistency of Drs. Brinson's and Guerra's opinions. ECF No. 14 at 9. Defendant argues that the psychologists' opinions were not entirely supported by their findings, specifically,

11

that the Plaintiff could recall "all three words shortly after they were presented," and "could write a complete sentence using adequate grammar and syntax." *Id.* at 10. Defendant additionally argues that the psychologists did not conduct a physical examination and relied largely upon Plaintiff's reports regarding her physical condition. *Id.* at 10–11. Pertaining to inconsistency, Defendant opines that Drs. Brinson's and Guerra's opinions were inconsistent with other substantial evidence, and cited largely the Plaintiff's irregular patterns in taking prescribed medications and continuing to attend therapy. *Id.*

Notably, Defendant also argues that "Plaintiff attempts to have this Court play the role of the ALJ by pointing to evidence that she argues supports and was consistent with Drs. Brinson's and Guerra's opinions." *Id.* at 11. Defendant contends that to "grant the remedy Plaintiff seeks" this Court would have to reweigh the evidence, and "should thus reject Plaintiff's invitation . . . and instead affirm the ALJ's decision." *Id.* at 12. Plaintiff responds by arguing that she is instead requesting that this Court scrutinize the record as a whole and address "substantial evidence of record that was contrary to the ALJ's findings but remained unaddressed." ECF No. 15 at 4.

It is important to remember that the Court has a responsibility to scrutinize the record in its entirety, taking into account evidence favorable as well as unfavorable to the ALJ's decision. *See Foote*, 67 F.3d at 1560. While the Court cannot reweigh evidence, proper diligence with regard to the substantial evidence standard requires that the Court ensure the ALJ stated with sufficient clarity the grounds for her factual findings. *See Owens*, 748 F.2d at 1516.

When an ALJ is explaining the consistency of a medical opinion, the Eleventh Circuit has clarified that while there is "no rigid requirement that the ALJ specifically refer

to every piece of evidence in his [or her] decision," the ALJ's decision nonetheless cannot be "a broad rejection which is not enough to enable the district court or this Court to conclude that [the ALJ] considered her medical condition as a whole." *Dyer*, 395 F.3d at 1211 (cleaned up).  Here, the ALJ cited largely to the fact that "claimant had not attended psychiatric treatment for over a year prior to the consultative exam" when stating that Drs. Brinson's and Guerra's opinions were inconsistent with other substantial evidence.  ECF No. 9-1 at 24.  In addition, the ALJ frequently cited noncompliance with medication and inconsistent psychiatric visits throughout her entire decision without any further discussion as to the context of said behavior.  *See id.* at 21, 23, 24.  This demonstrates a failure on behalf of the ALJ to consider Plaintiff's medical condition as a whole.

District courts within the Eleventh Circuit have recognized that a claimant's mental impairment may itself explain missed appointments or medication noncompliance, and the ALJ must consider this before using treatment gaps against the claimant.  For example, in *Quagliozzi v. Kijakazi*, the court held that the ALJ erred by using the claimant's lack of ongoing treatment for depression as a basis to discredit and reduce the weight of a consultative examining psychologist's opinion, without addressing whether the claimant's mental condition contributed to those treatment gaps.  *See Quagliozzi v. Kijakazi*, 629 F.Supp.3d 1263, 1288 (S.D. Fla. Sept. 20, 2022); *accord Williams v. Saul*, 532 F.Supp.3d 1226, 1234 (M.D. Ala. Feb. 19, 2021) (explaining that an ALJ's failure to consider a claimant's good cause explanation for not seeking medical treatment, including psychiatric conditions and lack of insurance, constitutes reversible error when the ALJ "primarily if not exclusively" relies on that failure in the disability determination (quoting *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam))).  In sum, mental

illness, medication side effects, and other physical or financial barriers may constitute good cause for inconsistency with treatment.  *See* SSR 18-3p.

In the instant case, the ALJ's frequent failure to consider Plaintiff's mental and physical barriers to treatment compliance constitutes error.  Plaintiff explained to Drs. Brinson and Guerra that "Trazodone, Alprazolam, Escitalopram, and Fluoxetine have all been prescribed to her to treat her depression and anxiety," but that "she does not take them on a daily basis because they alter her mood and leave her feeling lethargic and zombie-like."  ECF No. 9-1 at 701.  In her December 5, 2024 hearing with the ALJ, Plaintiff stated that her driving was "very limited," and that she only drove about once a week to the supermarket, but her husband drove her to all of her appointments.  *Id.* at 44.  Plaintiff admits to panic attacks, which include symptoms of tachycardia and hyperventilation, that take place one to two times a month, mostly when she is driving.  *Id.* at 329.  Plaintiff displayed excessive worry about her driving and reliance on her husband to physically bring her to appointments.  *See id.* at 44, 329.

The court in *Quagliozzi* noted that "considering that the ALJ apparently found it necessary to order a consultative examination with respect to Plaintiff's psychological condition, it is somewhat concerning to the Court that the ALJ would summarily reject Dr. Bash's consultative examination as being unsupported and inconsistent, without further inquiry."  629 F.Supp.3d at 1289–90.  Here, the ALJ rejects the consultative examiner's opinions by emphasizing the Plaintiff's inconsistency with both taking her psychotropic medication and attending appointments; this discussion took place without any consideration of any of the mental and physical barriers mentioned above.  ECF No. 9-1 at 1141–43.  In *Theresa P. v. Kijakazi*, the court reversed because "the burden is on the

14

Commissioner to produce evidence of unjustified noncompliance," and in the absence of specific mention by the ALJ of all the factors and circumstances, the court must conclude that the ALJ did not consider them.   No. 1:22-cv-1126-JKL, 2023 WL 12171949, at *8 (N.D. Ga. Jul. 31, 2023).   The ALJ's frequent reference to Plaintiff's inconsistency with her psychiatric treatment without considering any of these physical or mental barriers is not consideration of Plaintiff's medical condition as a whole and does not meet the burden of producing evidence of noncompliance.   Therefore, the ALJ's conclusion regarding Drs. Brinson's and Guerra's opinion is not supported by substantial evidence.

**RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 12, be GRANTED, and that Defendant's Motion for Summary Judgment, ECF No. 14, be DENIED.  The decision of the Commissioner of Social Security should be REMANDED with instructions to the Administrative Law Judge to further consider the medical evidence of record related to the claimant's impairments in the formulation of the claimant's residual functional capacity, take further action to complete the administrative record, and issue a new decision.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida this 14th day of July 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record

16